CRITTENDEN BROTHERS vs. COLEMAN & COMPANY et al..

When this case was here before, it was held that the decree then. affirmed only required the purchasers from the assignee to pay the purchase money into court; that the alleged mortgage creditor could then be made a party, if not one, and set up her superior right as to the fund so deposited; and that, on her failure to establish such right, the purchasers from the assignee could recover that portion of the fund which they had paid to her by direction of the assignee. It was therefore error to refuse to allow the purchasers to make her a party so as to settle the equities between. all the parties in interest in one proceeding. 70 Ga., 293.

(*a.*) It does not destroy the right to make her a party that she is now insolvent and resides in Alabama, she having resided in this state and in the county of the litigation when the bill was filed, and having been first made a party by complainants, and then dismissed.

(*b.*) There having been no *laches* in not taking the interrogatories of a female witness to a vital point in the case, who was in another state, and she being sick and unable to testify at the time of the trial, but it being shown that it was expected to procure her testimony by the next term, time should have been allowed for that purpose.

Judgment reversed.

February 24, 1885.

JACKSON, Chief Justice.

[Coleman & Company filed a bill to set aside an assignment made by Lane & Company to Kennon, and a sale of the property to Crittenden Brothers, alleging the assignment to be fraudulent, and so fatally defective as to be void. Funds received by the assignee from the sale had been paid by him to Mrs. Lane on a mortgage held by her. This also was attacked as fraudulent. The case will be found reported in 70 *Ga.*, 293. On the last trial, a motion was made by Crittenden Brothers to continue the case because Mrs. Lane had removed to Alabama and was too sick to give her testimony. The showing was by one of the firm of Crittenden Brothers, to the effect that he had been searching diligently for the mortgage given to her by Lane & Company; that the assignee had left the state and could not be reached; that about three weeks before the trial the deponent went to the home of Mrs. Lane, but found her too sick to be seen, or to have her testimony taken, but that he expected by the next term to show by her that the mortgage to her was *bona fide*, and that she had advanced money and taken the mortgage signed by the firm of Lane & Company. Another affidavit was also introduced on the same point as to what she would testify. Deponent had seen the mortgage, and believed it was so signed, but could not be positive.

Complainants made a counter-showing, to the effect that

there was not, in fact, any such mortgage, but that A. Lane and R. Q. Lane, agent, the members of the firm, had made individual mortgages on their respective interests to Mrs. Lane. It also appeared that Mrs. Lane had moved to Alabama about the time of the bringing of the suit. The motion for continuance was overruled.

Defendants, Crittenden Brothers, filed an amendment, to the effect that Mrs. Lane held a *bona fide* mortgage against the firm for money advanced by her; that the money which they (defendants) paid for the property was used in paying such debt; and that they were subrogated to to her rights. They prayed that she be made a party; that they be repaid the money which had been so used, out of the money which had been paid into court as the proceeds of the sale, to be distributed in lieu of the property itself; also for general relief.

It appeared that at one time complainants had named Mrs. Lane as a party defendant, but had subsequently stricken her name without serving her.

The court held that she was not a necessary party to the adjudication of the rights of Crittenden Brothers against the creditors, and refused to make her a party.

After verdict and judgment in favor of complainants, defendants moved for a new trial, assigning error on the rulings above stated, among others. The motion was overruled, and they excepted.]